UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:14cr19/RV/CJK
   3:15cv238/RV/CJK

ALICIA N. McBEE
_____/

ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Alicia N. McBee's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and the Government's response thereto. (ECF Nos. 79, 84). McBee filed what appeared to be a second motion to vacate, which the court construed as a motion to amend, and the Government filed a response to that motion. (ECF Nos. 86, 88). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court has reviewed the records and arguments presented and concludes that an evidentiary hearing is not warranted and McBee's motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

## PROCEDURAL BACKGROUND

Alicia N. McBee and co-defendant Bryan E. Gaston were charged in a two-count indictment with conspiracy to possess with intent to distribute fifty grams or more of methamphetamine (Count One) and conspiracy to use a telephone facility to facilitate the commission of a drug crime (Count Two).  (ECF No. 3).  McBee was allegedly a member of a methamphetamine conspiracy which distributed large quantities of methamphetamine from Atlanta, Georgia into the Pensacola area.  On April 24, 2014, represented by Jennifer Hart of the Office of the Federal Public Defender, McBee pleaded guilty as charged pursuant to a written plea agreement and statement of facts. (ECF No. 36-38).  McBee signed a statement agreeing that she had conspired to distribute and possess with intent to distribute methamphetamine and that she conspired to use telephone facilities to carry out the illicit transactions.  (ECF No. 36 at 3).

McBee's third final Presentence Investigation Report ("PSR") calculated that she was responsible for more than 500 grams of methamphetamine, with a corresponding base offense level of 36.  (ECF No. 62, PSR ¶ 93).  After a three-level adjustment for acceptance of responsibility, her total offense level was 33. (ECF No. 62, PSR ¶¶ 98-102).  McBee's criminal history category was II.  (ECF

No. 62, PSR ¶ 109). The applicable guidelines range was 151 to 188 months, although the PSR noted that a proposed amendment to the Guidelines manual would provide for a two-level reduction to her offense level. (ECF No. 62, PSR ¶¶ 158, 191). Count One carried a minimum term of ten years imprisonment, and Count Two had a maximum term of four years imprisonment. (ECF No. 62, PSR ¶ 157).

At sentencing, the court sustained a defense objection to the calculation of McBee's criminal history. Her criminal history became I instead of II, and she was eligible for the application of the safety valve, U.S.S.G. § 5C1.2. (ECF No. 82 at 17-18). McBee's revised total offense level was 31, with a criminal history category of I. Additionally, the Government indicated that it did not object to a two-level variance, to a total offense level of 29, based on the anticipated upcoming changes to the Guidelines. The benefit of this adjustment yielded a final guidelines range of 87 to 108 months. (ECF No. 82 at 19). The court sentenced McBee to a term of 87 months on Count One and a concurrent 48 month term of imprisonment on Count Two. (ECF No. 82 at 24; ECF Nos. 67, 68). The court's handwritten changes are reflected on the revised final PSR. (ECF No. 70).

McBee did not appeal, but timely filed a § 2255 motion in May of 2015, raising two grounds for relief. She contends that counsel was constitutionally

ineffective because she did not object to multiplicity and duplicity of the indictment, and that counsel failed to object to the court's use of an incorrect base offense level to calculate her sentence. The Government opposes the motion.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that she was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (*citing Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

(*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.   In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual support for her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). A defendant's belief that a certain course of action that counsel failed to take might have helped her case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

To be entitled to a hearing, a defendant must allege facts that, if true, would prove she is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop*–*Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### Ground One

McBee's first ground for relief is that counsel was constitutionally ineffective because she permitted her client to plead guilty to what McBee characterizes as a multiplicitous or duplicitous indictment. This assertion is factually mistaken. Although some of the same factual information provided the basis for each of the two counts, the indictment charged two separate crimes, each of which required individualized proof, as explained by the court during McBee's rearraignment.

(ECF No. 83 at 11-16). Counsel was not constitutionally ineffective for failing to raise this meritless issue in the district court, and relief is not warranted on this claim.

Ground Two

In her second ground for relief, McBee contends that counsel was constitutionally ineffective for allowing her client to be sentenced in accordance with an incorrect base offense level. She claims that "probation and government set defendants base offense level at 28 with a criminal history category of II according to U.S.S.G. table for drug amount, defendants base level should have started at a 26 and with 2 points off for the drug law would put defendants starting base offense level at 24." McBee offers no factual support, much less any reasoning, for this claim, and the undersigned's review of the record revealed no basis for a claim of error or ineffective assistance of counsel.

The quantity of drugs attributed to McBee supported the original base offense level of 36. As noted above, however, and after several adjustments, the final total offense level used for calculating the applicable guidelines range was 29. This revised total offense level, together with the reduction in criminal history category, resulted in a guidelines range over 100 months less than that originally calculated.

McBee's suggestion that some sort of jury finding was required in this case with respect to drug quantity is mistaken. She has not shown that counsel's performance was constitutionally insufficient.

Motion to Amend

McBee also filed a pleading construed by the court as a motion to amend the pending § 2255 motion in which she sought relief pursuant to Amendment 794 to the U.S. Sentencing Guidelines, claiming she was entitled to a minor role reduction. (ECF No. 86.) Approximately three months later, she filed a separate, narrative motion seeking the same relief. (ECF No. 89). The district court denied the motion (ECF No. 90) and as such the motion to amend must be denied as moot. (*See also* ECF No. 82 at 24, noting specifically at sentencing that McBee is not entitled to a mitigating role adjustment).

Conclusion

For all the foregoing reasons, the undersigned finds that McBee has not shown that she is entitled to either an evidentiary hearing or sentencing relief. The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety.

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK

Accordingly, it is **ORDERED:**

McBee's Motion to Amend § 2255 Motion (ECF No. 86) is **DENIED as moot** in light of the district court's ruling on her motion seeking the same substantive relief. (ECF No. 90).

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 79) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of December, 2017.

<u>/s/ *Charles J. Kahn, Jr.*</u>
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:14cr19/RV/CJK; 3:15cv238/RV/CJK